STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0213

CLAYTON LONG

VERSUS

THERESA A. ROBICHAUX IN HER CAPACITY AS TERREBONNE
PARISH CLERK OF COURT AND PATRIOT CONSTRUCTION
SERVICES, L.L.C.

Judgment Rendered: ___SEP 2 0 2024___

Appealed from the
32nd Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Docket No. 196880

The Honorable David W. Arceneaux, Judge Presiding

Sarah N. Chouest
Houma, Louisiana

Counsel for Plaintiff/Appellee,
Clayton Long

Jeffrey K. Prattini
New Orleans, Louisiana

Counsel for Defendant/Appellant,
Patriot Construction Services,
L.L.C.

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

**MILLER, J.**

This matter is before us on appeal by defendant, Patriot Construction Services, L.L.C., from a judgment of the district court ordering that a writ of mandamus be made peremptory and deferring the issue of damages. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Clayton Long, filed a petition for writ of mandamus naming Theresa A. Robichaux, in her capacity as the Clerk of Court for the Parish of Terrebonne, and Patriot Construction Services, L.L.C. ("Patriot"), a limited liability company domiciled and licensed in the State of Florida, as defendants. Mr. Long averred that following Hurricane Ida, Patriot performed demolition work and mold remediation services on Mr. Long's home and that the invoice for such services was in dispute. Mr. Long further averred that Patriot filed a lien against his property with the Terrebonne Parish Clerk of Court pursuant to the Private Works Act, codified as La. R.S. 9:4801, *et seq.*, which allows a contractor licensed in the State of Louisiana to file a lien against a homeowner for work performed by that contractor. Mr. Long contended that Patriot was not licensed in Louisiana; he thus sought a writ of mandamus directing Ms. Robichaux to remove the lien and damages from Patriot.

Following a hearing, the district court issued oral reasons determining that "water mitigation services is the kind of work that the Louisiana contractor's licensing law requires be performed by contractors who have received a license from the Louisiana contractor's board[,]" and that in the absence of such a license, lien rights do not flow from the Patriot's contract with Mr. Long, rendering it null and void under the circumstances. The district court thus granted the writ of mandamus and ordered the clerk of court to cancel the lien.

2

Thereafter, the district court signed a judgment on September 5, 2023, in conformity with its ruling making the writ of mandamus peremptory, ordering the clerk of court to remove the lien, and deferring consideration of Mr. Long's claim for damages. The judgment provided, in part, as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that Writ of Mandamus be made peremptory and the Terrebonne Parish Clerk of Court shall remove the lien against 352 Daralyn Drive, Houma, Louisiana 70363, File #1646229, Book 3328, Page 259.

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the issue of damages requested by Clayton Long is deferred.

Patriot filed the instant appeal contending that the district court erred in granting the petition for mandamus and ordering removal of the lien because the services performed by Patriot did not require a Louisiana contractor's license.

Following the lodging of this appeal, this Court issued an interim order noting that although the judgment made the writ of mandamus peremptory, it deferred the issue of damages, and thus appeared to be a partial final judgment. This Court thus remanded the matter to the district court to determine whether to designate the judgment as a final judgment after an express determination that there was no just reason for delay, so as to make the judgment immediately appealable pursuant to La. C.C.P. art. 1915(B). The order further provided that, in the absence of such a determination and designation by the district court, the appeal will be dismissed for lack of jurisdiction.

In response to this Court's interim order, the district court signed a judgment on June 6, 2024, decreeing that its judgment of September 5, 2023, was "not designated as a final judgment." The district court's June 6, 2024 judgment, which declined to designate the September 5, 2023 judgment as final, was supplemented into the appellate record on June 13, 2024.

## APPELLATE JURISDICTION

Appellate courts have a duty to examine their subject matter jurisdiction *sua sponte,* even if the litigants do not raise the issue, and we are obligated to recognize any lack of jurisdiction if it exists. Slaughter v. Louisiana State Employees Retirement System, 2019-0977 (La. App. 1st Cir. 6/1/20), 305 So. 3d 358, 362. This court's appellate jurisdiction extends to final judgments and to interlocutory judgments when expressly provided by law. See La. C.C.P. arts. 1841 and 2083.

Louisiana Code of Civil Procedure article 1915(A) identifies those partial final judgments that are appealable as a matter of right. See Triton Diving Services LLC v. Offshore Marine Service Association, Inc., 2023-0169 (La. App. 1st Cir. 9/21/23), 372 So. 3d 832, 836. The September 5, 2023 judgment granting a portion of the relief prayed for by Mr. Long does not fall within one of the categories enumerated in Article 1915(A). Therefore, the judgment is only appealable pursuant to Article 1915(B)(1), which pertinently provides that a partial judgment "shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay." Matter of Succession of Scott, 2023-0826 (La. App. 1st Cir. 3/20/24), 387 So. 3d 652, 656, writ denied, 2024-00509 (La. 6/25/24), 386 So. 3d 1085.

In the absence of such a determination by the district court, and considering that certain claims remain before the district court in this matter, we conclude the September 5, 2023 judgment does not constitute a final judgment for the purpose of an immediate appeal. Accordingly, the district court may revise it at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. See La. C.C.P. art. 1915(B)(2).

## CONCLUSION

For the above and foregoing reasons, this appeal is dismissed. All costs of this appeal are assessed against the defendant/appellant, Patriot Construction Services, L.L.C.

**APPEAL DISMISSED.**